United States District Court
Southern District of Texas
FILED

MAR 2 8 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL GONZALEZ, SANDRA GONZALEZ, INDIVIDUALLY AND AS NEXT FRIENDS OF GEOVANNA GONZALEZ AND LEE ROY GONZALEZ, MINOR CHILDREN Plaintiffs, | § § § § § § § | |
| V. | § § | Docket No. _____ |
| RUBEN GERARDO TREVINO, AS EMPLOYEE OF UNITED STATES POSTAL SERVICE AND UNITED STATES POSTAL SERVICE Defendants. | § § § § § | |

B-03-063

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Raul Gonzalez, Sandra Gonzalez, Individually and as next friends of Geovanna Gonzalez and Lee Roy Gonzalez, minor children, hereinafter called Plaintiffs, complaining of and about Ruben Gerardo Trevino, as employee of United States Postal Service and United States Postal Service, hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiffs intend that discovery be conducted under the provisions of the Federal Civil Procedure Code and Local Rules for the United States Districts Courts of the Southern District of Texas.

1

## PARTIES AND SERVICE

2. Plaintiff, Raul Gonzalez, is an Individual whose address is 4621 Palacio Real, Brownsville, Cameron County Texas.

3. Plaintiff, Sandra Gonzalez, is an Individual whose address is 4621 Palacio Real, Brownsville, Texas Texas.

4. Plaintiff, Geovanna Gonzalez, is an Individual whose address is 4621 Palacio Real, Brownsville, Texas Texas.

5. Plaintiff, Lee Roy Gonzalez, is an Individual whose address is 4621 Palacio Real, Brownsville, Texas Texas.

6. Defendant Ruben Gerardo Trevino, an individual, is the employee of United States Postal Service, a self – insured government agency, and may be served by and through: **Gerardo Ruben Trevino, at P.O. Box 395, Olimito, Texas 78575-0395**. Service of said Defendant as described above can be effected by certified mail.

7. Defendant United States Postal Service, a self – insured government agency, is organized under the laws of the United States Government, and service of process may be effected upon said Defendant by serving the **United States Attorney for the Southern District of Texas, Hon. Michael T. Shelby, P.O.Box 61129, Houston, Texas 77208.**

## JURISDICTION AND VENUE

8. The subject matter in controversy is within the

jurisdictional limits of this court.

9. This court has jurisdiction over the parties because the Plaintiffs are residents of Texas, and the Defendant, United States Postal Service is a government agency and Ruben Gerardo Trevino is an employee of the United States Postal Service.

10. Venue in the United States District Court of the Southern District of Texas, Brownsville Division is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

**FACTS**

11. On or about the 1st day of February, 2002, was traveling south on the 5200 block of East 14th Street in Brownsville, Cameron County, Texas, when Plaintiff stopped his vehicle at the intersection of 5200 Block of East 14th Street, Brownsville, Cameron County, Texas, when suddenly and without warning Defendant truck Plaintiff's car causing injuries to Plaintiff, Plaintiff's passengers and damages to his auto.

12. Ruben Gerardo Trevino had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

13. Plaintiffs' injuries were proximately caused by Ruben Gerardo Trevino's negligent, careless and reckless disregard of said duty.

14. The negligent, careless and reckless disregard of duty of Ruben Gerardo Trevino consisted of, but is not limited to, the following acts and omissions:

- A. In that Ruben Gerardo Trevino failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

- B. In that Ruben Gerardo Trevino failed to turn the motor vehicle in an effort to avoid the collision complained of;

- C. In that Ruben Gerardo Trevino failed to maintain a clear and reasonable distance between Plaintiffs' motor vehicle and Ruben Gerardo Trevino's motor vehicle which would permit Ruben Gerardo Trevino to bring the motor vehicle to a safe stop without colliding into Plaintiffs' motor vehicle;

- D. In that Ruben Gerardo Trevino failed to keep such distance away from Plaintiffs' motor vehicle as a person using ordinary prudent care would have done;

- E. In that Ruben Gerardo Trevino was operating the motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

- F. In that Ruben Gerardo Trevino failed to apply the brakes to the motor vehicle in a timely and prudent manner and/or wholly failed to apply the brakes in order to avoid the collision in question.

15. Ruben Gerardo Trevino had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

16. Plaintiffs' injuries were proximately caused by Ruben

4

Gerardo Trevino's negligent, careless and reckless disregard of said duty.

### PLAINTIFFS' CLAIM OF
### RESPONDEAT SUPERIOR AGAINST UNITED STATES POSTAL SERVICE

22. At the time of the occurrence of the act in question and immediately prior thereto, Ruben Gerardo Trevino was within the course and scope of employment for United States Postal Service.

23. At the time of the occurrence of the act in question and immediately prior thereto, Ruben Gerardo Trevino was engaged in the furtherance of United States Postal Service's business.

24. At the time of the occurrence of the act in question and immediately prior thereto, Ruben Gerardo Trevino was engaged in accomplishing a task for which Ruben Gerardo Trevino was employed.

25. Plaintiffs invoke the doctrine of <u>Respondeat Superior</u> as against United States Postal Service.

### DAMAGES FOR PLAINTIFF, RAUL GONZALEZ

30. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Raul Gonzalez was caused to suffer a fractured right elbow, back injuries, and among other injuries to his body, and to incur the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Raul Gonzalez for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

5

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Loss of earnings in the past;

F. Loss of earning capacity which will, in all probability, be incurred in the future;

G. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

H. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

I. Loss of Parental Consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

J. Loss of Parental Consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

K. Loss of Household Services in the past;

L. Loss of Household Services in the future;

M. Property damages in the amount of $3,801.00;

N. Mental anguish in the past; and

O. Mental anguish in the future.

**DAMAGES FOR PLAINTIFF, SANDRA GONZALEZ**

31. As a direct and proximate result of the occurrence made

the basis of this lawsuit, Plaintiff, Sandra Gonzalez was caused to suffer injuries to her back, shoulder and body generally, and to incur the following damages:

    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Sandra Gonzalez for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C. Physical pain and suffering in the past;

    D. Physical pain and suffering in the future;

    E. Loss of earnings in the past;

    F. Loss of earning capacity which will, in all probability, be incurred in the future;

    G. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

    H. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

    I. Loss of Parental Consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

    J. Property damages in the amount of $3,801.00;

    K. Mental anguish in the past;

    L. Mental anguish in the future; and

    M. Fear of future disease or condition.

**DAMAGES FOR PLAINTIFF, GEOVANNA GONZALEZ, A MINOR CHILD**

32. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Geovanna Gonzalez was caused to suffer injury to her back, and body generally, and to incur the following damages:

- A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Geovanna Gonzalez for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

- B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

- C. Physical pain and suffering in the past;

- D. Physical pain and suffering in the future;

- E. Loss of Parental Consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

- F. Loss of Parental Consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

- G. Mental anguish in the past;

- H. Mental anguish in the future;

- I. Fear of future disease or condition; and

- J. Cost of medical monitoring and prevention in the future.

**DAMAGES FOR PLAINTIFF, LEE ROY GONZALEZ, A MINOR CHILD**

33.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Lee Roy Gonzalez was caused to suffer back, and body generally, and to incur the following damages:

   A.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Lee Roy Gonzalez for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

   B.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   C.  Physical pain and suffering in the past;

   D.  Physical pain and suffering in the future;

   E.  Loss of Parental Consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

   F.  Loss of Parental Consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

   G.  Mental anguish in the past;

   H.  Mental anguish in the future; and

   I.  Fear of future disease or condition.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, Raul Gonzalez,

Sandra Gonzalez, Individually and as next friends of Geovanna Gonzalez and Lee Roy Gonzalez, minor children, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

Law Office of Robert H. Mendoza

By: _____
    Robert H. Mendoza
**Texas Bar No. 13937670**
**Federal I.D. 11418**
3505 Boca Chica, Suite 106
Brownsville, Texas 78521
Tel. (956) 541-5494
Fax. (956) 542-8031
Fax. (956) 548-0206
Attorney for Plaintiffs
Raul Gonzalez, Sandra Gonzalez, Individually and as next friends of Geovanna Gonzalez and Lee Roy Gonzalez, Minor Children.

10